IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY LYNN SHOEMAKER, | ) |
| Petitioner, | ) Civil Action No. 2:21-cv-1649 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| MORRIS HAUSER, *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM**

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF No. 7) filed by Jerry Lynn Shoemaker ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgment of sentence imposed on him by the Court of Common Pleas of Allegheny County on September 1, 2010, at criminal docket number CP-02-CR-15512-2008. For the reasons below, the Court will deny the petition and will deny a certificate of appealability.

**I.   Relevant Background**

Petitioner was convicted at a jury trial of one count each of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault, indecent assault of a complainant less than 13 years of age, endangering welfare of children, and corruption of minors.[2] On September 1, 2010, Petitioner was sentenced to an aggregate term of 25 to 50 years' imprisonment.

Petitioner appealed, but the Superior Court of Pennsylvania affirmed his judgment of sentence on February 8, 2012. *Commonwealth v. Shoemaker*, 46 A.3d 811 (Pa. Super. 2022)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(a)(7), 3126(a)(7), 4304(a), and 6301(a)(1), respectively.

(unpublished memorandum). Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania, but the petition was denied on December 31, 2012. *Commonwealth v. Shoemaker*, 63 A.3d 1246 (Pa. 2012). Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States. Thus, his judgment of sentence became final under both state and federal law on or around April 1, 2013, when the 90-day period for him to file a petition for allowance of appeal expired. Sup. Ct. R. 13 (time for petitioning); 1 Pa.C.S. § 1908 (omitting from computation of time period the last day where that day is a weekend or holiday); Fed. R. Civ. P. 6(a)(1)(C) (same); 42 Pa. Cons. Stat. § 9545(b)(3); 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On December 30, 2013, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The trial/PCRA court ultimately denied the PCRA petition on December 15, 2016. Petitioner filed an appeal from the denial. The Superior Court of Pennsylvania affirmed the denial of the PCRA petition on November 28, 2018. *Commonwealth v. Shoemaker*, 201 A.3d 887 (Pa. Super. 2018) (unpublished memorandum). Petitioner filed a petition for allowance of appeal, but the Supreme Court of Pennsylvania denied it on May 30, 2019. *Commonwealth v. Shoemaker*, 212 A.3d 498 (Pa. 2019).

On July 9, 2019, Petitioner filed a second PCRA petition. The PCRA court dismissed that petition on November 14, 2019. On appeal from that dismissal, the Superior Court affirmed the PCRA court's order on October 7, 2020. *Commonwealth v. Shoemaker*, 241 A.3d 373 (Pa. Super. 2020). Petitioner's subsequently filed petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on March 23, 2021. *Commonwealth v. Shoemaker*, 251 A.3d 400 (Pa. 2021).

Petitioner filed the instant petition for writ of habeas corpus on October 31, 2021. (ECF No. 7 at 17). In his petition, he raises five grounds for relief: a violation of the Confrontation Clause

of the Sixth Amendment in the admission of evidence at trial (Ground One); violations of the Sixth Amendment right to counsel because of ineffective assistance of trial counsel (Grounds Two, Three, and Four); and a due process violation when the Commonwealth breached a promise not to prosecute in exchange for Petitioner's confession (Ground Five).

Respondents filed an answer (ECF Nos. 14-17) and Petitioner filed a reply. (ECF No. 29.)

Respondents assert, among other things, that each of Petitioner's claims are time-barred under the applicable one-year statute of limitations, which was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner asserts that the claims are timely because of a modification of his original judgment of sentence.

**II.     Discussion**

    A.     <u>Jurisdiction</u>

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

    B.     <u>Statute of limitations</u>

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations

3

period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance' .... In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

In this case, the statute of limitations for Petitioner's claims began to run on the date his judgment of sentence became final, in accordance with § 2244(d)(1)(A). As discussed above, Petitioner's judgment of sentence became final on April 1, 2013. The one-year limitations period for each of Petitioner's claims began to run on that date.

Petitioner filed his first PCRA petition 273 days later, on December 30, 2013. Under § 2244(d)(2), this first PCRA proceeding statutorily tolled ADEPA's limitations period from December 30, 2018, until May 30, 2019, the date the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to petition for writ of certiorari to the United States Supreme Court following state collateral review); *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000) (same).

AEDPA's limitations period began to run again the next day, on May 31, 2019. On July 9, 2019, 39 days later, Petitioner filed his second PCRA petition. As with the first PCRA petition, under § 2244(d)(2), this second PCRA proceeding statutorily tolled ADEPA's limitations period

4

while it was pending, which was from July 9, 2019, to March 23, 2021.[3] The limitations period began to run again the next day, on March 24, 2021. At that point, 312 days had already expired from the limitations period. Petitioner thus had 53 more days—until on or around May 17, 2021—to file timely claims in a federal habeas petition. As explained above, the instant petition was filed on October 31, 2021, 221 days later. Thus, Petitioner's habeas claims are untimely.

Petitioner asserts that his claims are timely because his original judgment of sentence was modified to conform to a new Pennsylvania statute, thus resetting the start of limitations period such that his October 31, 2021, filing is within the one-year limit after recalculation. (ECF No. 2 at 5-8.) He explains that, in 2018, the Pennsylvania legislature enacted 42 Pa.C.S. § 9718.5, entitled "Mandatory period of probation for certain sexual offenders," requiring that a person convicted of an offense under 42 Pa.C.S. § 9799.14(d) (relating to sexual offenses and tier system), be sentenced to a mandatory period of three years' probation consecutive to any other sentence imposed. The Court notes that, in the relevant underlying criminal case, Petitioner was convicted of multiple offenses under the referenced tier system of sexual offenses (*i.e.*, rape of a child,

---

[3] Respondents argue that the second PCRA petition was untimely filed and thus should not trigger statutory tolling of the limitations period. (ECF No. 14 at 33.) Indeed, a PCRA petition that is rejected by a state court as untimely or for lack of jurisdiction is not "properly filed" for § 2244(d)(2) purposes and therefore will not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006). However, although the PCRA court noted concerns with the timeliness of the petition in the opinion it filed under Pennsylvania Rule of Appellate Procedure 1925(a) after Petitioner appealed the dismissal of the petition, (ECF No. 17-3 at 14), the court did not dismiss the petition as untimely. Rather, the PCRA court dismissed the petition as "frivolous and without support in the record." (ECF No. 17-2 at 24.) The Superior Court did not address the timeliness issue in its opinion. Because the petition was not rejected by the state courts as untimely, and because the tolling of the limitations period for these PCRA proceedings has no dispositive effect on the timeliness of the habeas claim, the Court will consider the second petition to have been properly filed.

5

involuntary deviate sexual intercourse with a child, aggravated indecent assault, and indecent assault of a complainant less than 13 years of age).

The mandatory probation statute became effective on April 23, 2018. Petitioner appears to believe that on that date, the mandatory consecutive probationary period "was imposed upon" him. (ECF No. 29 at 2). At that time, his first PCRA appeal was pending in the Superior Court. Petitioner argues that his "new" judgment of sentence became final following the conclusion of that appeal on May 30, 2019, when the Pennsylvania Supreme Court denied his petition for allowance of appeal.[4] (ECF No. 2 at 7.)

Even if the Court assumes that the addition of the mandatory probationary period would constitute a new judgment of sentence which would reset the limitations period for his convictions, *see Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211, 225 (3d Cir. 2022) ("Resentencing creates a new judgment as to each count of conviction for which a new or altered sentence is imposed, while leaving undisturbed the judgments for any counts of conviction for which neither the sentence nor the conviction is changed"), Petitioner's claims remain untimely because no such event occurred.

Respondents assert that Petitioner was not resentenced in accordance with the new statute, characterizing his argument on this point as a "complete fiction." (ECF No. 14 at 31-32 n. 28.) Indeed, there is no indication of any such resentencing in the record. To the extent that Petitioner asserts that the 2018 enactment of the mandatory probation statute effected an automatic revision to his 2010 sentence, he is incorrect.[5]

---

[4] Petitioner specifically identifies May 20, 2020, as the date his new judgment of sentence became final. (ECF No. 2 at 7.) The relationship between May 30, 2019, and May 20, 2020, is unclear; however, the Court need not reverse-engineer such a relationship, for the reasons set forth *infra*.

[5] Of note, the Pennsylvania Superior Court has explicitly stated that applying Section 9718.5 to an offender for crimes committed before its effective date in 2018 constitutes an illegal ex post facto violation. *Commonwealth v. Kinley*, 2021 WL 983020, at *7 (Pa. Super. March 16, 2021); *Footnote continued on next page…*

Accordingly, the Court's original calculation of the limitations period, set forth above, stands. As Petitioner's habeas claims are untimely, his petition will be denied.

## III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability will be denied with respect to his claims.

## IV. Conclusion

For these reasons, the Court will deny the petition because the federal habeas claims asserted in it are time-barred and will deny a certificate of appealability.

An appropriate Order follows.

Date:   April 11, 2024                            /s/ Patricia L. Dodge
                                                  PATRICIA L. DODGE
                                                  United States Magistrate Judge

---

*Commonwealth v. Bent*, 2021 WL 2557811, at *8 (Pa. Super. June 22, 2021). The crimes of which Petitioner was convicted in 2010 were committed before the 2018 enactment.

7